bsg:FR
F. #2010R02507

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA, | PRELIMINARY ORDER OF FORFEITURE |
| - against - | Cr. No. 11-0254 (S-1) |
| TERRI ANN BEDELL, | (Bianco, J.) |
| Defendant. | |

- - - - - - - - - - - - - - - - - X

WHEREAS, on September 13, 2011, the defendant TERRI ANN BEDELL, entered a plea of guilty to Counts One and Nine of the above-captioned superseding indictment, charging a violation of 18 U.S.C. §§ 1951 and 1956; and

WHEREAS, the Defendant agreed to the entry of an order forfeiting all of her right, title and interest in one 2004 Red Honda motorcycle, VIN JH2SC57064M005101, New York Registration 22FF98, and all proceeds traceable thereto (the "Forfeited Asset"), pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(b), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1.  The Defendant shall forfeit all of her right, title and interest in the Forfeited Asset, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(b), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), which constitutes property, real or personal, that was derived from proceeds traceable to a conspiracy to

2

commit robbery in violation of 18 U.S.C. § 1951 and/or was involved in a violation of 18 U.S.C. § 1956, and/or as substitute assets, pursuant to 18 U.S.C. § 982(b) and/or 21 U.S.C. § 853(p).

2. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General, or his designee, is authorized to seize the Forfeited Asset and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

3. The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district on the governments website located at http://www.forfeiture.gov of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Asset as a substitute for published notice as to those persons so notified.

4. The Defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the property forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of said property, and waives all

3

constitutional, legal and equitable defenses to the forfeiture of said property, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

   5. Any person, other than the Defendant, asserting a legal interest in the Forfeited Asset may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Asset must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

   6. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Asset, in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Asset passes to the United States, including the execution of any documents necessary to

4

effectuate the forfeiture of the Forfeited Asset to the United States.  The forfeiture of the Forfeited Asset shall not be considered a payment of a fine or a payment on any income taxes that may be due.

      7.   The United States shall have clear title to the Forfeited Asset identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

      8.   Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry of this Preliminary Order of Forfeiture, and shall be made part of the sentence and included in the judgment.

      9.   The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order of Forfeiture.

      10.  The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order of Forfeiture to FSA Asset Forfeiture Paralegal

5

Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
       September __, 2011

```
                              _____
                              HONORABLE JOSEPH F. BIANCO
                              UNITED STATES DISTRICT JUDGE
```